IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 10-235-3 |
| ) | |
| WALTER L. SEIBLES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Pending before the court is the motion by defendant Walter L. Seibles ("defendant" or "Seibles") for early termination of supervised release (ECF No. 698), to which the government filed a response in opposition. (ECF No. 705). The court held a hearing on the motion on October 2, 2018, (ECF No. 706), at which it ordered that the parties could file additional briefing. Defendant filed a reply in further support of his motion. (ECF No. 707). The motion is ripe for decision.

On May 18, 2012, Seibles pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 (ECF No. 387), and was sentenced on October 14, 2012 to 48 months of imprisonment to be followed by 48 months of supervised release. This case was presided over by another judge and reassigned to the undersigned on August 21, 2018. (Docket Entry 8/21/2018). On August 31, 2018, defendant filed his present motion.

I. STANDARD

Supervised release "serves an entirely different purpose that the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills

1

rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The court's determination whether early termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013).

> Pursuant to the governing statute, 18 U.S.C. § 3583(e):
>
> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

The government in opposing the motion relies on United States v. Laine, 404 F.App'x 571 (3d Cir. 2010), which states "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release are expected and not exceptional." *Id.* at 574.

Defendant replies to the government's position by arguing reliance on Laine is misplaced because: 1) it is an unpublished decision and not binding; 2) the requirement of something exceptional or extraordinary is not found in the statutory provision authorizing early termination; and 3) the requirements for early termination in the statutory provision are only that the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); United States v. Carter, No. 2:06-cr-00387, 2014 WL 2112723, at * 2 (W.D. Pa. May 20, 2014).


II. ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

A. 3553 Factors

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Seibles was convicted of a serious drug trafficking charge, and has an extensive drug and alcohol history. His criminal history is significant. His criminal history category is VI, which is the highest criminal history classification in the Sentencing

3

Guidelines. This factor weighs against early termination of supervision, even though he has complied with the conditions of supervised release.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).***

Seibles' repeated drug trafficking is dangerous to the community. The continuation of supervision affords deterrence to future criminal conduct and protects the public from further crimes by defendant. This factor weighs against an early termination of supervised release.

***(3) The sentencing range established by the Sentencing Commission, § 3553(a)(4).***

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 31 and a criminal history category of VI, Seibles' guideline range for imprisonment was 188 to 235 months. Seibles was sentenced to 48 months of imprisonment. The court sentenced him to the statutory minimum term of supervised release, which was four years with a maximum of life, 21 U.S.C. § 841(a)(1) and (b)(1)(B). The guideline range for a term of supervised release was four to five years, pursuant to U.S.S.G. § 5D1.2(c).

Seibles served his term of imprisonment. He has approximately one year left on his four-year term of supervision. The court determines that this factor weighs against early termination of his supervised release.

***(4) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

No pertinent policy statements were raised by the parties with respect to this matter.

***(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

4

There is no evidence of a need for early termination of Seibles's supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The court notes that the statute of conviction mandates, in most circumstances, a minimum term of supervised release of four years. Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of supervised release are expected." *Laine*, 404 F. App'x at 574.

*(6) The need to provide restitution to any victims of the offense, § 3553(a)(7).*

Restitution is not at issue in this case.

B. Whether early termination is warranted and in the interest of justice

In support of his motion, defendant asserts that:

- His supervision has been successful and he has complied with the conditions;
- He paid the required special assessment of $100;
- He completed the Residential Drug Abuse Treatment Program during his incarceration;
- He spent 6 months in a drug treatment program at the Renewal Center ("Renewal"), a 'halfway house," at the direction of his probation officer;
- He has not tested positive for drugs and has remained drug free since his release to supervision; and
- Upon release from Renewal he lived with his mother and went to work, working full-time since May 2016, which requires him to make deliveries, drive a shuttle and do laundry, and when not working he works out.

(ECF No. 693 at 2-3). The court observes that all these indicated items, except for working out when not working, were either part of the judgment or in the judgment's recommendation to the Bureau of Prisons.

Seibles argues that he is a low-risk offender, is on minimal supervision, and the resources of Probation and Pretrial Services would be better used for high-risk offenders. Seibles points out as well that he has not been the subject of a supervised release

revocation proceedings. (ECF No. 707 at 9). In essence, Seibles contends that his compliance with the conditions of supervision justifies early termination of his supervised release. Seibles attached to his motion a memorandum for the Program Administration Division of the Administrative Office of the United States Courts indicating that "supervision resources are more efficiently and effectively used on moderate and high risk cases." (ECF No. 698-3 at 1). That same document also indicates that approximately "40 percent of federal offenders fall into the 'low' risk category." Id. Under Seibles' reasoning, many of these "low risk" offenders would qualify for termination of supervision altogether.

The government responds that Seibles has done nothing to justify early termination of supervised release and that the minimal supervision does not pose such a drain on Probation and Pretrial Services to justify early termination. Additionally, the government, relying on United States v. Medina, 17 F.Supp.2d 245 (S.D. N.Y. 1998), points out that if mere compliance with the required conditions of supervision were sufficient to warrant early termination and was in the interest of justice, this justification would "swallow the rule." 17 F. Supp. 2d at 247.

Defense counsel perceptively traced the development of the "exceptional and extraordinary" language in Laine. Nevertheless, the statute requires the court to be satisfied that early termination is both: (1) warranted by Seibles' conduct; and (2) in the interest of justice. § 3583(e)(1). Numerous courts have explained that this standard requires conduct or circumstances that are out of the ordinary. As summarized recently in United States v. Davies, No. 07-436, 2018 WL 2227962 at *7 (May 16, 2018):

> "Simple compliance with the conditions of supervised release [is] expected and not exceptional." Id. at 574; United States v. Abdelhady, No. 06-63,

6

2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); United States v. Dudash, No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). "In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision." United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")).

Under defendant's approach, anyone on low risk supervision could qualify for termination after one year, regardless of applicable statutory mandatory minimum terms of supervision. That approach does not strike the court as being a tenable position under the statutory language. Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required to warrant an exercise of discretion to terminate supervision early.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case. The court commends Seibel's compliance with the conditions of his supervised release, especially his abstinence from drug abuse and criminal activity, his completion of drug abuse treatment while incarcerated and while at a halfway house, and his continued employment. Although laudable, these actions are expected and indeed required on supervised release. Seibles faces a minimal burden to

7

complete the remaining (statutory minimum) term of supervised release to which he was sentenced. The court is not convinced to terminate his supervised release early.

III. CONCLUSION

Based upon the foregoing, the court will deny the motion for early termination of supervised release. Although defendant's compliance is laudable, these actions are expected and indeed required on supervised release. Accordingly, the motion for early termination of supervised release (ECF No. 698) will be denied.

An appropriate order follows.

Dated: January 4, 2019                BY THE COURT:

                                      /s/ Joy Flowers Conti
                                      Joy Flowers Conti
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 10-235-3 |
| | ) | |
| WALTER L. SEIBLES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

And now this 4th day of January, 2019, in accordance with the memorandum opinion, the motion for early termination of supervised release (ECF No. 698) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge